## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STUDENT DOE, | |
| *Plaintiff*, | |
| v. | Case No ._____ |
| PAM BONDI, Attorney General of the United States; | |
| KRISTI NOEM, Secretary of Homeland Security; and | |
| TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement, | |
| *Defendants*. | |

## **INTRODUCTION**

1.  Plaintiff Student Doe's F-1 student status has been unlawfully terminated by U.S. Immigration and Customs Enforcement without warning, stripping them of their ability to complete their last month of studies as a senior in International Relations and graduate in May of this

1

year.  The termination of Student Doe's record in the Student and

Exchange Visitor Information System ("SEVIS") puts them at risk of arrest,

detention, and deportation.

2.  Plaintiff is a full-time international student in lawful F-1 status,

enrolled at Boston University. They are one of hundreds, if not more, F-1

students nationwide whose SEVIS record has been abruptly and

unlawfully terminated by ICE two weeks ago, effectively stripping them of

their ability to remain a student in the United States.

3.  SEVIS is a government database that tracks international students'

compliance with their F-1 status. ICE, through the Student and Exchange

Visitor Program ("SEVP"), uses SEVIS to monitor student status. SEVP

terminated Plaintiff's SEVIS record and marked Plaintiff as "Otherwise

Failing to Maintain Status – Individual identified in criminal records check

and/or has had their VISA revoked.  SEVIS record has been terminated."

Student Doe has not received any notification that their F-1 visa has been

revoked by the U.S. Department of State.

4.  The termination of a SEVIS record effectively ends F-1 student

status. Even when a visa is revoked, however, ICE is not authorized to terminate Plaintiff's student status. The grounds cited by ICE in the SEVIS termination do not provide legal authority to terminate Plaintiff's SEVIS record. An F-1 visa controls a student's entry into the country, not their continued lawful presence once admitted.  Plaintiff was in full compliance with the terms of their F-1 status and had not engaged in any conduct that would warrant termination of their status.

5.  Rather, DHS's policy of unlawfully terminating SEVIS records based on visa revocations appears to be designed to coerce students, including Plaintiff, into abandoning their studies and "self-deporting" despite not violating their status. If ICE believes a student is deportable for having a revoked visa, it has the authority to initiate removal proceedings and make its case in court. It cannot, however, misuse SEVIS to circumvent the law, strip students of status, and drive them out of the country without process.

6.  Over the past week, visa revocations and SEVIS terminations have

shaken campuses across the country.[1] Exh. A.  The SEVIS terminations have taken place against the backdrop of numerous demands being made of universities by the federal government and threats of cutting off billions of dollars in federal funding. They have created chaos as schools have attempted to understand what is happening and do their best to inform and advise students.

7.  Plaintiff does not challenge the revocation of their visa in this action. Rather, Plaintiff brings this action under the Administrative Procedure Act (APA), the Fifth Amendment to the U.S. Constitution, and the Declaratory Judgment Act to challenge ICE's illegal termination of their SEVIS record.

---

[1] *See* Binkley, Collin, Annie Ma, and Makiya Seminera, *Federal officials are quietly terminating the legal residency of some international college students,* Associated Press, April 4, 2025, https://apnews.com/article/college-international-student-f1-visa-ice-trump-7a1d186c06a5fdb2f64506dcf208105a.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over the present action based on 28

U.S.C. § 1331 (federal question), 28 U.S.C. § 1346(b) (federal defendant),

and 28 U.S.C. § 2201-2 (authority to issue declaratory judgment when

jurisdiction already exists).

9.  Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e)

because this is a civil action in which Defendants are employees or officers

of the United States, acting in their official capacity and there is no real

property involved in this action.

## PARTIES

10. Student Doe #1 is an international student who is enrolled in a

college in Boston University and resides in Boston. Student Doe #1 seeks to

proceed in this action with a pseudonym due to fear of retaliation by

Defendants for asserting their rights through this lawsuit, and of

harassment or blacklisting by third parties.[2]

11. Defendant Pam Bondi is the Attorney General of the United States

---

[2] Plaintiff will separately file a motion to proceed pseudonymously.

and represents the United States in legal matters generally and gives advice and opinions to the President and to the heads of the executive departments of the Government when so requested.

12. Defendant Kristi Noem is the Secretary of Homeland Security and has ultimate authority over DHS. In that capacity and through her agents, Defendant Noem has broad authority over the operation and enforcement of the immigration laws. Defendant Noem is sued in her official capacity.

13. Defendant Todd Lyons is the Acting Director of ICE and has authority over the operations of ICE. In that capacity and through his agents, Defendant Lyons has broad authority over the operation and enforcement of the immigration laws. Defendant Lyons is sued in his official capacity. ICE is responsible for the termination of Student Doe's SEVIS record.

**LEGAL FRAMEWORK**

14. A nonimmigrant visa controls a noncitizen's admission into the United States, not their continued stay. Congress established a statutory basis for student visas under 8 U.S.C. § 1101(a)(15)(F)(i), requiring that a

6

noncitizen engage in a full course of study to maintain nonimmigrant status. Once admitted in F-1 status, a student is granted permission to remain in the United States for the duration of status (D/S) as long as they continue to meet the requirements established by the regulations governing their visa classification in 8 C.F.R. § 214.2(f), such as maintaining a full course of study and avoiding unauthorized employment.

15. The SEVIS is a centralized database maintained by the SEVP within ICE used to manage information on nonimmigrant students and exchange visitors and track their compliance with terms of their status. Under 8 C.F.R. § 214.3(g)(2), Designated School Officials (DSOs) must report through SEVIS to SEVP when a student fails to maintain status. SEVIS termination is governed by SEVP policy and regulations. Termination must be based on a student's failure to maintain status.

16. DHS regulations distinguish between two separate ways a student may fall out of status: (1) a student who "fails to maintain status," and (2) an agency-initiated "termination of status."

17. The first category, failure to maintain status, involves

circumstances where a student voluntarily or inadvertently falls out of compliance with the F-1 visa requirements, for example by failing to maintain a full course of study, engaging in unauthorized employment, or other violations of their status requirements under 8 C.F.R. § 214.2(f). In addition, 8 C.F.R. §§ 214.1(e)–(g) outlines specific circumstances where certain conduct by any nonimmigrant visa holder, such as engaging in unauthorized employment, providing false information to DHS, or being convicted of a crime of violence with a potential sentence of more than a year, "constitutes a failure to maintain status."

18. With the respect to the crime of violence category, 8 C.F.R. § 214.1(g) sets forth that a nonimmigrant's conviction "for a crime of violence for which a sentence of more than one year imprisonment may be imposed (regardless of whether such sentence is in fact imposed) constitutes a failure to maintain status . . . ." Minor misdemeanor offenses do not meet this threshold for termination based on criminal history.

19. The second category, termination of status by DHS, can occur only under the limited circumstances set forth in 8 C.F.R. § 214.1(d), which only

permits DHS to terminate status when: (1) a previously granted waiver under INA § 212(d)(3) or (4) [ 8 U.S.C. § 1182(d)(3) or (4)] is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3) DHS publishes a notification in the Federal Register identifying national security, diplomatic, or public safety reasons for termination. DHS cannot otherwise unilaterally terminate nonimmigrant status.[3]  An arrest or a traffic citation is not a basis for termination of SEVIS per DHS's own regulations.[4]  Exh. B.  And, DHS has not published a Federal Register notification related to any of the students whose SEVIS registration it has terminated.  Student Doe is not covered by any of these termination sections.

20. Accordingly, the revocation of a visa does not constitute failure to maintain status and cannot therefore be a basis for SEVIS termination. If a

---

[3] *See Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 185 n. 100 (3d Cir. 2019).

[4] U.S. Department of Homeland Security, Study in the States – SEVIS Help Hub. "Termination Reasons" (December 3, 2024), available at https://studyinthestates.dhs.gov/sevis-help-hub/student-records/completions-and-terminations/termination-reasons.

visa is revoked prior to the student's arrival to the United States, then a student may not enter and the SEVIS record is terminated. However, the SEVIS record may not be terminated as a result of a visa revocation after a student has been admitted into the United States, because the student is permitted to continue the authorized course of study.[5]  Exh. C.

21.ICE's own guidance confirms that "[v]isa revocation is not, in itself, a cause for termination of the student's SEVIS record."[6] Rather, if the visa is revoked, the student is permitted to pursue their course of study in school, but upon departure, the SEVIS record is terminated and the student must obtain a new visa from a consulate or embassy abroad before returning to the United States.[7]  Exh. D.

---

[5] ICE Policy Guidance 1004-04 –Visa Revocations (June 7, 2010), available at https://www.ice.gov/doclib/sevis/pdf/visa_revocations_1004_04.pdf

[6] *Id*.

[7] Guidance Directive 2016-03, 9 FAM 403.11-3 – VISA REVOCATION (Sept. 12, 2016), available at https://www.aila.org/library/dos-guidance-directive-2016-03-on-visa-revocation.

22.While a visa revocation *can* be charged as a ground of deportability in removal proceedings, deportability can be contested in such proceedings.[8] The immigration judge may also even dismiss removal proceedings where a visa is revoked, so long as a student is able to remain in valid status.[9] Only when a final removal order entered would  status be lost.  Student Doe has not been placed into removal proceedings.

23.A student who has not violated their F-1 status, even if their visa is revoked, cannot have a SEVIS record terminated based on INA § 237(a)(1)(C)(i) [8 U.S.C. § 1227(a)(1)(C)(i)] (failure to maintain status), INA §237(a)(4)(C)(i) [8 U.S.C. § 1227(a)(4)(C)(i)] (foreign policy grounds), or any deportability ground for that matter.

24.The immigration courts have no ability to review the SEVIS

_____

[8] *See* 8 USC § 1227(a)(1)(B); 8 U.S.C. § 1201(i) (allowing immigration court review of visa revocation).

[9] 8 C.F.R. § 1003.18(d)(ii)(B).

termination here because the process is collateral to removal.[10] There is also

no administrative appeal of a denial to reinstate F-1 status. The termination

of a SEVIS record constitutes final agency action for purposes of APA

review.[11]

## FACTUAL ALLEGATIONS

25. Plaintiff Student Doe #1 is an international student attending

college at Boston University. *See*, Student Doe Affidavit, Exh. F.

26. Plaintiff is a full-time student who is focused on their studies.

They were named to the Dean's List for the fall semester of 2024. Exh. G.

They have not engaged in any political activity.  Plaintiff has complied

with the academic requirements set by their Designated School Official

("DSO") and U.S. immigration regulations.  *See,* Student Doe's F-1 Visa and

(pre-April 3, 2025) Form I-20, Exh. H.

27. Plaintiff first came to study in the United States on a student visa

---

[10] *See Nakka v. United States Citizenship & Immigr. Servs.*, 111 F.4th 995, 1007
(9th Cir. 2024); *Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935
F.3d 172, 183 (3d Cir. 2019).

[11] *See Fang*, 935 F.3d at 185.

when they were a minor.

28.In spring 2023, they re-applied for their visa in their home country, and were granted a new F-1 visa to renew their studies in September 2023. Exh. H.  Multiple trips to and from the United States in 2024 and 2025 using this F-1 visa were uneventful.

29.On or about April 3, 2025, Plaintiff received notice from their college that their student visa was revoked and that their SEVIS status terminated.  Exh. I.

30.The reason given for the termination was:

> TERMINATION REASON: OTHERWISE FAILING TO
> MAINTAIN STATUS – Individual identified in criminal
> records check and/or has had their VISA revoked.  SEVIS
> record has been terminated.

31.Plaintiff was informed that the school itself did not terminate their SEVIS status. *Id.*

32.Plaintiff is unaware of the factual basis for the termination of their SEVIS status.

33.Plaintiff has no criminal history.  Plaintiff does not know how to

drive, and therefore does not even have a moving violation or parking ticket.  Exh. F.

34. Plaintiff is highly valued by their university, which desires for them to continue to be enrolled in school. However, Plaintiff's ability to do so is in jeopardy due to the termination of their SEVIS record and status. They have filed for Reinstatement, but do not expect adjudication before their graduation.  Exhs. J & K.

35. Since they received notice of their SEVIS termination, Plaintiff has been experiencing high levels of stress and anxiety. They are unsure of what will happen to them. They also fear being labeled a national security or foreign policy threat if they seek to return to the United States in the future, or if they seek to travel to another country, because of the labels attached to their SEVIS termination.

36. The SEVIS terminations have created havoc and uncertainty for schools as well. Upon information and belief, Plaintiff's college was not given any advanced warning or further explanation for the termination of Plaintiff's SEVIS status. Schools are scrambling to respond to these

14

unprecedented actions and determine whether and how they can help their international students.[12]  Exh. E.

37. Intervention by the Court is necessary to remedy Defendants' illegal conduct.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Administrative Procedure Act
*(Unauthorized SEVIS Termination)*

38. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

39. Under § 706(a) of the APA, final agency action can be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; . . . [or] without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (C)-(D).

---

[12] *See* Liam Knox, *How Trump is Wreaking Havoc on the Student Visa System*, Inside Higher Ed, April 5, 2024, https://www.insidehighered.com/news/global/international-students-us/2025/04/03/how-trump-wreaking-havoc-student-visa-system.

40.Defendants have no statutory or regulatory authority to terminate

Plaintiff's SEVIS record or status based simply on revocation of a visa.

Additionally, Plaintiff has no criminal history and has not failed to

maintain her student status.

41.Therefore, Defendant's termination of Plaintiff's SEVIS status is

not in accordance with law, in excess of statutory authority, and without

observance of procedure required by law.

## SECOND CAUSE OF ACTION

### Fifth Amendment
*(Procedural Due Process)*

42.Plaintiff incorporates the allegations in the paragraphs above as

though fully set forth here.

43.Procedural due process requires that the government be

constrained before it acts in a way that deprives individuals of property

interests protected under the Due Process Clause of the Fifth Amendment.

44.Once a student is lawfully admitted to the United States in F-1

status and complies with the regulatory requirements of that status, the

continued registration of that student in SEVIS is governed by specific and

16

mandatory regulations. Because these regulations impose mandatory constraints on agency action and because SEVIS registration is necessary for a student to remain enrolled as an international student, Plaintiff has a constitutionally protected property interest in their SEVIS registration. *See ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059 (9th Cir. 2015)(recognizing protected property interest in participating in exchange visitor program); *Brown v. Holder*, 763 F.3d 1141, 1148 (9th Cir. 2014) (recognizing protected property interest in nondiscretionary application for naturalization).

45. At the most elemental level, the United States Constitution requires notice and a meaningful opportunity to be heard.  *See, Choeum v. I.N.S.,* 129 F.3d 29, 38 (1st Cir. 1997) ("At the core of [a noncitizens's] . . . due process rights is the right to notice and the nature of the charges and a meaningful opportunity to be heard."), *see also, Matthews v. Eldridge,* 424 U.S. 319, 333 (1976) ("The 'right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society.'"), *citing to Joint Anti-Fascist Comm. V. McGrath,* 341 U.S. 123, 341 U.S. 168

(1951)(Frankfurter, J., concurring). Neither notice nor meaningful opportunity to be heard was provided to Plaintiff before ICE and the Department of Homeland Security unilaterally terminated their SEVIS record less than 2 months from Commencement and Graduation after four years of study.

46.Defendants terminated Plaintiff's SEVIS record based on improper grounds without prior notice and without providing Plaintiff an opportunity to respond. The failure to provide notice of the facts that formed the basis for the SEVIS termination is a violation of due process under the Fifth Amendment.

### THIRD CAUSE OF ACTION

**Administrative Procedure Act**
*(Procedural Due Process)*

47.Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

48.Under § 706(a) of the APA, final agency action can be set aside if it is "contrary to a constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(B).

18

49. Defendants terminated Plaintiff's SEVIS record based on improper grounds without prior notice and without providing Plaintiff an opportunity to respond. The failure to provide notice of the facts that formed the basis for the SEVIS termination is a violation of due process under the Fifth Amendment.

50. Accordingly, Defendants' action is contrary to a constitutional right.

## FOURTH CAUSE OF ACTION

**Administrative Procedure Act**
*(Arbitrary and Capricious SEVIS Termination)*

51. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

52. Under § 706(a) of the APA, final agency action can be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," including if it fails to make a rational connection between the facts found and the decision made. 5 U.S.C. § 706(2)(A).

53. Defendants failed to articulate the facts that formed a basis for their decision to terminate Plaintiff's SEVIS status in violation of the APA,

let alone any rational connection between the facts found and the decision made.

54. Defendants' action is therefore arbitrary and capricious.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1)    Assume jurisdiction over this matter;

(2)    Declare that the termination of Plaintiff's SEVIS status was unlawful;

(3)    Vacate and set aside DHS's termination of Plaintiff's SEVIS status;

(4)    Order that Defendants restore Plaintiff's SEVIS registration and F-1 nonimmigrant student status;

(5)    Award costs and reasonable attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(b); and

(6)    Grant such further relief as the Court deems just and proper.

Dated: April 14, 2025                  Respectfully Submitted,


                                       _/s/ W. John Vandenberg_
                                       W. John Vandenberg
                                       Hogan & Vandenberg LLC
                                       1608 Walnut St., Ste. 1301
                                       Philadelphia, PA 19103
                                       Telephone: (610) 664-6271
                                       Facsimile: (215) 701-4558
                                       Email: john@hvlawgroup.com

## Certificate of Service

I, W. John Vandenberg, hereby certify that on April 14, 2025, I filed the foregoing with the Clerk of Court using the CM/ECF system. Service has been made of all documents required to be served by Fed.R.Civ.P. 5(a) in a manner authorized by Fed.R.Civ.P. 5( b) and (c). I hereby certify that I have mailed a hard copy of the document to the above individual pursuant to Fed.R.Civ.P. 4 via first class mail to:

Pamela Bondi
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, D.C. 20530-0001

David Metcalf
c/o Civil Process Clerk
U.S. Attorney, Eastern District of Pennsylvania
615 Chestnut St.
Suite 1250
Philadelphia, PA 19106

Kristi Noem
Office of the General Counsel
U.S. Department of Homeland Security
2707 Martin Luther King Jr. Ave, SE
Washington, DC 20528-0485

Todd Lyons
Acting Director of U.S. Immigration and Customs Enforcement
c/o Office of the Principal Legal Advisor (OPLA)

500 12th Street SW, Mail Stop 5900 Washington, D.C. 20536-5900

Respectfully submitted,

/s/ W. John Vandenberg

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STUDENT DOE, | |
| *Plaintiff,* | |
| v. | Case No ._____ |
| PAM BONDI, Attorney General of the United States; | |
| KRISTI NOEM, Secretary of Homeland Security; and | |
| TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement, | |
| *Defendants*. | |

## LIST OF EXHIBITS

**Exhibit A**  Binkley, Collin, Annie Ma, and Makiya Seminera, *Federal officials are quietly terminating the legal residency of some international college students,* Associated Press, April 4, 2025

**Exhibit B**  U.S. Department of Homeland Security, Study in the States – SEVIS Help Hub. "Termination Reasons" (December 3, 2024)

24

**Exhibit C**   ICE Policy Guidance 1004-04 –Visa Revocations (June 7, 2010)

**Exhibit D**   Guidance Directive 2016-03, 9 FAM 403.11-3 – VISA REVOCATION (Sept. 12, 2016)

**Exhibit E**   Liam Knox, *How Trump is Wreaking Havoc on the Student Visa System*, Inside Higher Ed, April 5, 2024

**Exhibit F**   Student Doe's Elided Affidavit

**Exhibit G**   Email confirming Dean's List inclusion for Fall 2024

**Exhibit H**   Student Doe's Identification Document, F-1 visa, and I-20

**Exhibit I**   Termination from SEVIS Email from Boston University

**Exhibit J**   Recommendation for Reinstatement with Reinstatement I-20

**Exhibit K**   USCIS Reinstatement Receipt